# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| IDONA GAMMON, | ) |
| Plaintiff, | ) Case No. 09-03419-CV-S-DGK |
| v. | ) |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | ) |
| Defendant. | ) |

**ORDER**

Pending before the Court is Plaintiff Idona Gammon's appeal of the Social Security Administration's denial of her application for supplemental security income ("SSI") based on disability. The Court has conducted an independent review of the record and considered the arguments set forth in the parties' briefs. For the reasons discussed herein, the Defendant's decision is AFFIRMED.

**Background**

The complete facts and procedural history are discussed at length in the parties' briefs and are repeated here only to the extent necessary.

**Standard**

The Court's review of the Defendant's decision is limited to whether it is consistent with the relevant case law, statutes and regulations, and whether the ALJ's findings of fact are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence review is a deferential standard aimed at determining whether the evidence was "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Gonzales v. Barnhart,* 465 F.3d 890, 894 (8th Cir. 2006). Substantial evidence is "less than a preponderance." *Id.* The purpose

of substantial evidence review is not to reach an independent conclusion, and thus it is irrelevant that there may have been substantial evidence for a different result. *Nevland v. Apfel,* 204 F.3d 853, 857 (8th Cir. 2000). The Court must consider the entire record, including evidence that detracts from the ALJ's decision. *Finch v. Astrue,* 547 F.3d 933, 935 (8th Cir. 2008).

In determining a claimant's eligibility for SSI, the Defendant employs a five-step process. First, the Defendant determines if the claimant is engaged in "substantial gainful activity."[1] If so, the claimant is not disabled. If not, the inquiry continues. Next, the Defendant determines if the claimant has a "severe medically determinable physical or mental impairment" or a combination of impairments. If so, and they meet the duration requirement,[2] the inquiry continues. If not, the claimant is not disabled. Next, the Defendant considers whether any such impairment is a "listing impairment" found in Appendix 1 of 20 C.F.R. § 404.1520. If so, the claimant is disabled. If not, the inquiry continues. Next, the Defendant considers whether the claimant's residual functional capacity ("RFC") includes the ability to perform past relevant work.[3] If so, the claimant is not disabled. If not, the inquiry continues. Finally, the Defendant considers whether, in light of the claimant's age, education and work experience, his RFC allows him to make an adjustment to other work. 20 C.F.R. § 416.920(a)(4)(i)-(v). If so, the claimant is not disabled. If not, the claimant is found disabled and the inquiry ends. As the party requesting relief, claimants generally bear the burden to prove that they are disabled. However, at Step 5, the Defendant is "responsible for providing evidence that demonstrates that other work exists in

---

[1] Work is substantial if it "involves doing significant physical or mental activities…" Work is gainful if it is "do[ne] for pay or profit…[or] the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572. Thus, work must be substantial *and* gainful, but need not be *substantially gainful*.
[2] "Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months. We call this the duration requirement." 20 C.F.R. § 416.909.
[3] The Defendant defines RFC as "the most you can still do despite your limitations." 20 C.F.R. § 416.945(a)(1).

significant numbers in the national economy that [the claimant] can do, given [the claimant's RFC] and vocational factors." 20 C.F.R. § 404.1560(c)(2).

**Discussion**

The ALJ found that the Plaintiff had not engaged in substantial gainful activity since her application date and that she has the severe conditions of "emphysema and gallstones." R. at 13. The ALJ found that this condition did not meet or medically equal a listing impairment. *Id.* The ALJ found that she has the RFC to perform light work with a restriction on exposure to "dust, fumes, pollutants and temperature extremes." *Id.* The inquiry ended at Step 4 after the ALJ found that Plaintiff could perform her past relevant work as a baker's helper as actually performed or as a short order cook or office helper as usually performed. R. at 14. The Plaintiff claims that the ALJ erred by failing to order a consultative examination, in assessing her RFC, by failing to properly assess her credibility and by failing to properly assess the requirements of her past work.

**A. The ALJ Did Not Err In Failing To Develop The Record**

Social Security hearings regarding are "inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel,* 530 U.S. 103, 111 (2000). The Plaintiff claims that there was a lack of medical evidence because she could not afford to obtain treatment. However, because there was some evidence indicating that she has emphysema and gallstones, she argues that the ALJ committed reversible error by failing to order a consultative examination "to determine the nature and extent of these impairments." Doc. 7 at 12-13. She claims that the pulmonary function test performed by the Disability Determination Services is relevant to whether or not her emphysema rises to the level of a listing impairment, but is insufficient in fully assessing her

limitations. An x-ray performed subsequent to her onset date indicated "bullous emphysema." R. at 161. In addition, the Plaintiff was diagnosed with emphysema by the Department of Corrections. R. at 385.

An ALJ is required to order examinations or tests "only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Barrett v. Shalala,* 38 F.3d 1019, 1023 (8th Cir. 1994). *See also Conley v. Bowen,* 781 F.2d 143, 146 (8th Cir. 1986) (finding error when the lack of medical evidence prevents the ALJ from making an "informed choice"). The Defendant admits that there was evidence of these impairments, but argues that it was sufficient for the ALJ to make a decision. The Defendant further notes that the Plaintiff did not request such an examination at the time. The Defendant has outlined the emphysema and gallstones medical evidence available to the ALJ. Doc. 12 at 10. While the Plaintiff may disagree with the conclusions that the ALJ reached, the Court cannot find that the amount of evidence prevented him from making an informed choice, particularly in light of the fact that the Plaintiff did not request a physical consultative examination. Accordingly, the Court finds no error in the ALJ's failure to order further examination.

**B. The ALJ Properly Assessed The Plaintiff's Credibility**

When assessing a claimant's credibility, "the ALJ must look to the claimant's daily activities; the duration, frequency, and intensity of pain; precipitating and aggravating factors; dosage, effectiveness, and side effects of medication; and functional restrictions." *Finch,* 547 F.3d at 935 (citing *Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984)). Credibility is generally for the ALJ to determine, and the courts will defer to an ALJ's explicit credibility determination when it is supported by "a good reason." *Finch,* 547 F.3d at 935. The lack of objective medical evidence is not a sufficient basis on which to discount a claimant's subjective

symptoms, but it is a factor to consider. *Polaski,* 739 F.2d at 1322. In finding the Plaintiff not credible, the ALJ relied on the lack of objective medical evidence, her failure to seek treatment and comply with doctors' orders and the fact that she quit working in May 2005 because her boyfriend was financially supporting her. R. at 14. The Plaintiff claims that her decision to leave the workforce in 2005 is irrelevant because it occurred prior to her alleged onset date of September 1, 2007. ALJs can consider medical opinions prior to an alleged onset date. *Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005). It stands to reason that other evidence prior to the onset date can be considered as well. To hold otherwise would allow claimants to set their onset date strategically to exclude unfavorable evidence. However, while the ALJ was able to consider the Plaintiff's reasons for quitting work in 2005, the Court does not find this particularly probative of her disability. Unlike the situation in *Vandenboom,* the Plaintiff *does* claim that her symptoms deteriorated. *Id.* Emphysema is—by definition—a progressive disease. National Institutes of Health, *What is COPD?,* http://www.nhlbi.nih.gov/health/dci/Diseases/Copd/Copd_WhatIs.html (last visited January 20, 2011) (describing emphysema as a type of *progressive* chronic obstructive pulmonary disease). However, the ALJ found that the treatment had been conservative and noted the Plaintiff's failure to seek regular treatment. R. at 12. Claims of extreme limitations can be properly discounted in the face of a treatment history which suggests otherwise. *Edwards v. Barnhart,* 314 F.3d 964, 967 (8th Cir. 2003). Furthermore, the Plaintiff continues to smoke, though she has cut back to half a pack a day. R. at 12. Accordingly, the Court will defer to the ALJ's credibility assessment.

### C. The ALJ Properly Assessed The Plaintiff's RFC

The ALJ found that the Plaintiff has the RFC to perform light work with limitations on exposure to dust, fumes, pollutants and temperature extremes due to her emphysema. R. at 13.

The Plaintiff claims that this RFC assessment violated Social Security regulations by failing to provide a "function by function" analysis and by failing give proper consider to her severe impairments of emphysema and gallstones. The Defendant's regulations define light work as

> "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."

20 C.F.R. § 416.967(b). While the ALJ in this case did not provide the explicit "function by function" analysis that is sometimes seen, such analysis in inherent in his determination that the Plaintiff can perform light work "as defined in 20 CFR 416.967(b)." R. at 13. It strains credulity for the Plaintiff to argue that "light work" is "vague and conclusory," particularly when the ALJ cited the regulation providing a detailed definition of the term. Furthermore, while the Plaintiff argues that further restrictions are appropriate, this ultimately goes back to the question of her credibility, which the Court has already decided. Finally, the ALJ is responsible for determining RFC and is not required to rely on a physician's RFC determination as the Plaintiff seems to argue. *Schmidt v. Astrue,* 496 F.3d 833, 845 (7th Cir. 2007).

### D. The ALJ Did Not Err In His Explanation Of The Step 4 Finding

At Step 4, the ALJ found that the Plaintiff could perform her past work as a baker's helper as actually performed, or her past work either as a short order cook or office helper as usually performed. The Plaintiff claims that the ALJ failed to analyze the requirements of her past work properly before making this determination. A finding of "not disabled" at Step 4 is justified by a conclusion that a claimant can perform either her actual past work or past work as

it is "generally performed in the national economy." *Lowe v. Apfel,* 226 F.3d 969, 973 (8th Cir. 2000). The vocational expert testified that her past work as a baker's helper was light work as actually performed. R. at 29. The ALJ questioned the vocational expert and the Plaintiff as to the requirements of her past work and then found that her RFC would allow her to perform past relevant work. When discussing his Step 4 conclusion, the ALJ further stated that he "compare[ed] the claimant's [RFC] with the physical and mental demands of this work." R. at 14. The ALJ's finding was based on substantial evidence—the vocational expert's testimony and the Plaintiff's description of her past work. The Court has already considered the Plaintiff's substantive objections to the ALJ's RFC determination and found no reversible error. On this last point, the ALJ made specific findings regarding the Plaintiff's ability to perform her past work. The Plaintiff cites a case in which an ALJ found that the claimant could perform his past work without considering the mental requirements of those jobs—which was problematic due to the claimant's brain injury. *Groeper v. Sullivan,* 932 F.2d 1234, 1239-40 (8th Cir. 1991). There was no such failure here as the ALJ investigated the requirements of the Plaintiff's past work and found that her RFC allows her to perform them.

**Conclusion**

The Court finds that the ALJ did not err in failing to develop the record or make proper Step 4 findings. Furthermore, his RFC and credibility determinations were supported by substantial evidence and consistent with the law. Accordingly, the Defendant's denial of benefits is AFFIRMED.

**IT IS SO ORDERED**

Dated: February 7, 2011         /s/ Greg Kays
                                GREG KAYS
                                UNITED STATES DISTRICT JUDGE